23CA1481 Peo v Cramer 11-26-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1481
Mesa County District Court No. 22CR648
Honorable Gretchen B. Larson, Judge
Honorable Valerie J. Robison, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Stephen M. Cramer,

Defendant-Appellant.

---

ORDER VACATED AND CASE
REMANDED WITH DIRECTIONS

Division II
Opinion by JUDGE FOX
Brown and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 26, 2025

---

Philip J. Weiser, Attorney General, Frank R. Lawson, Senior Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Julieanne Farchione, Deputy
State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1 Defendant, Stephen M. Cramer, appeals the district court's restitution order. We vacate the order and remand the case to the district court.

## I. Background

¶ 2 In February 2022, Cramer fell asleep while driving, hit another vehicle, and significantly injured another driver. He was charged with six driving- and vehicle-related counts. On March 3, 2023, Cramer pleaded guilty to one count of vehicular assault — driving while ability impaired in exchange for dismissal of the other counts. *See* § 18-3-205(1)(b)(I.5), C.R.S. 2025. In the plea agreement, Cramer "agree[d] to pay the restitution and costs of prosecution amounts as specified below," but the agreement did not list any costs and indicated that "[r]estitution will be left open." At the plea hearing, the district court explained that Cramer was "agreeing to pay all costs and surcharges, and restitution would be left open for [ninety-one] days." After the court accepted Cramer's plea, it set a sentencing hearing.

¶ 3 On April 17, 2023, the district court sentenced Cramer to six years in the Department of Corrections' custody. The court then asked if there were any outstanding restitution issues, and the

1

prosecutor responded, "We'd ask to leave [restitution] open for [ninety-one] days." The court obliged, noting that "[a]ny restitution . . . will be left open for [ninety-one] days. If the People are requesting restitution, they must file a written motion . . . by May 12th of 2023." The court gave the defense until June 2, 2023, to file any objection to the request.

¶ 4    On April 24, 2023, the prosecution requested $53,349.98 in restitution. In May 2023, Cramer objected to the amount and requested a hearing, which was scheduled for July 2023. On June 29, the prosecution filed a supplemental restitution request indicating that, although the May 12 deadline had passed, the prosecution did not obtain the new supporting documentation until June 26. The supplement sought a revised total of $88,255.97 in restitution. The district court issued an order noting that the supplemental request would "be incorporated into the restitution hearing."

¶ 5    The restitution hearing occurred on July 6 and July 12. On the second day, defense counsel objected to the court's authority to order restitution, arguing that the court did not specifically order restitution at sentencing; instead "restitution was left generally

2

open for [ninety-one days] if the request was going to be made."

Counsel also argued that the prosecution had some of the restitution information before the sentencing hearing and should have presented that information before April 17. Finally, she challenged requested restitution amounts for lost wages and travel expenses.

¶ 6 Addressing the first objection, the district court found that, although a different judge presided at the sentencing hearing, Cramer had "notice that restitution was going to be ordered" but that the amount was then unknown because the prosecution had not yet requested a specific amount. It also concluded that the statutory ninety-one-day deadline for ordering restitution had not yet ended and that it could properly address the prosecution's supplemental restitution request. It then rejected defense counsel's argument that the victim could not recover past lost wages or certain travel expenses. The court issued an oral restitution order for a total of $66,589.27.

¶ 7 On appeal, Cramer first challenges the method in which the prosecution requested restitution. He contends that the prosecution's first request was invalid because it failed to present

available information before the judgment of conviction. He also argues that, in the supplemental request, the prosecution failed to (1) obtain a restitution order under section 18-1.3-603(1)(b) or (1)(c), C.R.S. 2023,[1] and (2) exercise reasonable diligence to timely obtain the documentation supporting its request. Because we conclude that the restitution order constituted an illegal sentence and must be vacated, we do not reach Cramer's alternative arguments that the district court erred by imposing restitution for the victim's travel expenses and past lost wages.

## II. The Restitution Order Was Invalid

¶ 8 Cramer seems to challenge the prosecution's first and second restitution requests on separate grounds. He contends that the first restitution request was invalid because the prosecution had certain information available to it before the April 17 sentencing

---

[1] When restitution was imposed in this case, district courts could enter an order obligating defendants to pay restitution but defer a determination of the amount for ninety-one days following the order of conviction. § 18-1.3-603(1)(b), C.R.S. 2023. In 2025, the General Assembly amended the deadline to sixty-three days following the later of (1) the prosecution's presentation of restitution information or (2) the order of conviction. Ch. 307, sec. 1, § 18-1.3-603(1)(b), 2025 Colo. Sess. Laws 1606. All citations to section 18-1.3-603 in this opinion are to the 2023 version.

4

hearing but waited until April 24, when it filed its motion for restitution, to make its initial request. *See* § 18-1.3-603(2)(a) (requiring prosecutors to present restitution information before "the order of conviction or within ninety-one days, if it is not available prior to the order of conviction").

¶ 9    He then contends that the court lacked authority to consider the prosecution's June 29 supplemental motion for restitution because the prosecution failed to obtain a timely order under section 18-1.3-603(1)(b) or (1)(c) at sentencing. It is unclear why he argues that the failure to obtain a subsection (1)(b) or (1)(c) order would only invalidate the *second* restitution request and not the first. *See* § 18-1.3-603(1) (explaining that "[e]very order of conviction" must include one of the four types of restitution orders); Crim. P. 32(b)(3)(I) (same). It is equally unclear why he construes the failure to obtain a subsection (1) order as the *prosecution's* burden when it is the court's duty to enter such orders. *See People v. Weeks*, 2021 CO 75, ¶ 35 (explaining that section 18-1.3-603(1) governs the court's orders and deadlines, not the prosecution's burdens or deadlines). We conclude that — because Cramer is correct that the court never entered a subsection (1) order at

sentencing — the entire restitution order must be vacated. *Snow v. People*, 2025 CO 32, ¶¶ 23, 30.

## A.    Pertinent Law

¶ 10    In criminal cases, virtually every judgment of conviction must include one of four enumerated restitution orders.  § 18-1.3-603(1). The first is an order requiring the defendant to pay "a specific amount of restitution."  § 18-1.3-603(1)(a).  Next, the court may "order that the defendant is obligated to pay restitution, but that the specific amount of restitution shall be determined within the ninety-one days immediately following the order of conviction, unless good cause is shown for extending the" deadline.  § 18-1.3-603(1)(b).  Third, courts may issue "[a]n order, in addition to or in place of a specific amount of restitution, that the defendant pay restitution covering the actual costs of specific future treatment of any victim of the crime."  § 18-1.3-603(1)(c).  Finally, courts may enter an order that the defendant owes no restitution because "no victim of the crime suffered a pecuniary loss."  § 18-1.3-603(1)(d).

¶ 11    If, at sentencing, the court "fails to [order] one or more of the four enumerated restitution orders in subsection (1)," a later restitution order constitutes an illegal sentence.  *Snow*, ¶ 21.  In

6

*Snow*, our supreme court held that the defendant received an illegal sentence because the district court did not enter a subsection (1) order and merely reserved restitution entirely. *Id.* at ¶ 22. There, the plea agreement did not mention restitution, and at sentencing the prosecution asked the court to "reserve restitution" but "did not request restitution or . . . indicat[e] that it intended to seek restitution." *Id.* at ¶ 7. The court reserved restitution for sixty days. *Id.* Seventy-eight days after the sentencing hearing, the prosecution requested restitution; the court entered a restitution order 108 days after sentencing. *Id.* at ¶ 8.

¶ 12 The supreme court held that "the court's order at sentencing related to restitution did not satisfy the restitution component of Snow's sentence and judgment of conviction." *Id.* at ¶ 22. It reasoned that subsection (1) does not authorize district courts "to simply defer the issue of restitution in its entirety." *Id.* at ¶ 23. Additionally, although the district court entered restitution after subsection (1)(b)'s ninety-one-day deadline, the supreme court emphasized that this "deadline [was] inapposite . . . because the district court never entered a subsection (1)(b) order. Rather, at sentencing, the court merely reserved the issue of restitution in its

7

entirety, an order not authorized by subsection (1)." *Id.* at ¶ 27. Therefore, it vacated the restitution order and directed the entry of an order pursuant to subsection (1)(d) that there was no restitution owed. *Id.* at ¶¶ 30, 38, 41.

## B.    Application

¶ 13    The facts in this case parallel those in *Snow*. Although the plea agreement mentioned restitution, it stated only that restitution would be "left open" and included no language that Cramer was agreeing to restitution liability with only the *amount* to be subsequently determined. At the plea hearing, the court reiterated that "restitution would be left open for [ninety-one] days."

¶ 14    Critically, as in *Snow*, ¶ 7, at the sentencing hearing, "the prosecution did not request restitution" or say it intended to do so; it merely asked the court to leave restitution open for ninety-one days, which the court did. And the court clearly did not interpret this request as an indication that the prosecution planned to seek restitution but that it needed more time to request an amount. The court said, "[R]estitution . . . will be left open for [ninety-one] days. *If the People are requesting restitution*, they must file a written

8

motion . . . ."[2]  (Emphasis added.)  *See id.* at ¶ 28 (distinguishing

*Weeks* because the prosecution there told the court it intended to

request restitution but would identify a proposed amount after

sentencing).  Thus, "the record . . . is barren of an explicit or

implicit finding of restitution liability either before or during the

sentencing hearing."  *Id.* at ¶ 29.

¶ 15     The court could not have entered a subsection (1)(b) order at

sentencing because, while such an order defers a determination of

the *amount* of restitution, it requires a finding "that the defendant is

obligated to pay restitution."  § 18-1.3-603(1)(b).  The court could

not have ordered Cramer to pay restitution if it did not know

whether the prosecution planned to request restitution.  "Under

these circumstances, there is no basis for us to infer that the only

---

[2] Different judges presided at the sentencing and restitution
hearings.  To the extent that the second judge found that the first
judge had entered a restitution order under section 18-1.3-
603(1)(b), that finding lacks legal and factual support.  *See People v.
Beauvais*, 2017 CO 34, ¶ 22 (explaining that we do not defer to a
district court's factual findings that lack record support); *Williams
v. People*, 2019 CO 108, ¶ 14 ("[W]e review de novo the district
court's legal conclusions.").  And the court acknowledged at the
restitution hearing that it did not "know what was stated
specifically at the sentencing hearing."

issue the district court deferred until after the sentencing hearing was the determination of the amount of restitution." *Snow*, ¶ 29.

¶ 16 That the court entered a restitution order within ninety-one days of sentencing also does not change the result. Because there was no subsection (1) order, the subsection (1)(b) deadline did not apply. *Id.* at ¶ 27. And there is no indication that the court entered a subsection (1)(c) order because there was no discussion of restitution for "specific future treatment." § 18-1.3-603(1)(c).

¶ 17 We also reject the People's argument that Cramer waived his subsection (1) challenge. Because the court's failure to enter a subsection (1) order resulted in Cramer receiving an illegal sentence, we conclude that he could not waive the argument. *See Snow*, ¶ 21 (restitution orders that do not comply with subsection (1) yield illegal sentences); *People v. Rockwell*, 125 P.3d 410, 414 (Colo. 2005) (explaining that illegal sentence claims cannot be waived).

¶ 18 Because the court improperly deferred restitution in its entirety, the restitution order must be vacated, and the case must be remanded to the court to enter an order pursuant to subsection (1)(d) that no restitution is owed. *Snow*, ¶¶ 23-30, 38.

10

### III. Disposition

¶ 19 The restitution order is vacated, and the case is remanded to the district court to enter an order that Cramer owes no restitution.

JUDGE BROWN and JUDGE MEIRINK concur.